J-A29021-18

2019 PA Super 171

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HAL HARRIS, :
:
Appellant : No. 206 EDA 2018

Appeal from the Order Entered December 12, 2017
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000246-2015

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                                    **FILED MAY 29, 2019**

Appellant, Hal Harris, appeals from the Order entered December 12, 2017, which granted Appellant's Petition for Expungement.  Appellant seeks additional relief not explicitly granted by the trial court.  In addition, the trial court has acknowledged certain errors and omissions from the relief initially granted.  Accordingly, we vacate the Order and remand with instructions.

Following allegations of sexual abuse, police filed a Criminal Complaint outlining sixty-nine charges against Appellant.  Criminal Complaint, OTN No. T-612580-3, 1/21/15.  At a Preliminary Hearing held in April 2015, the magisterial district court dismissed three of those charges.  Thereafter, the Commonwealth filed an Information, charging Appellant with sixty-six counts. Information, CR-246-2015, 6/29/15.  In September 2017, trial commenced, resulting in Appellant's acquittal on all counts.

_____

*   Former Justice specially assigned to the Superior Court.

On October 6, 2017, Appellant filed a Petition for Expungement. The trial court granted expungement. *See* Expungement Order, 12/12/17. Shortly thereafter, Appellant filed a Motion for Reconsideration and two supplements thereto, asserting several errors and/or omissions in the Expungement Order. *See* Motion for Reconsideration, 12/19/17; Supplemental Motion (1), 1/10/18; Supplemental Motion (2), 1/11/18.

Appellant timely appealed[1] and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion. Trial Ct. Op., 3/13/18.

Appellant raises the following issues:

1. Whether the trial court erred by not including and ordering expungement of three (3) felony charges that were dismissed at the Preliminary Hearing held at the Magisterial District Court[;]

2. Whether the trial court erred by failing to list all sixty-six (66) criminal charges and summary offenses in the [Expungement Order] identically as they appeared on the charging document(s), as required by Pa.R.Crim.P. [790(C)(1)(g);]

3. Whether the trial court erred by failing to list Pike County Correctional Facility ("PCCF"), Administrative Office of Pennsylvania Courts ("AOPC"), the numerous member agencies of Pike County Multi-Disciplinary Investigative Team ("MDIT") including Children's Advocacy Center, Safe Haven and the Pike County Child And Youth Services in the [Expungement Order] and directing the subject agencies to expunge and destroy all the records they maintained/controlled of the criminal charges, arrest and/or prosecution or both the arrest and prosecution of Appellant[;]

4. Whether the trial court erred by improperly directing two (2) Magisterial District Court Judges by their personal names

_____

[1] The court issued an Order denying Appellant's Motion for Reconsideration after Appellant filed a Notice of Appeal.

instead of by their proper respective court numbers to expunge/destroy the criminal records relating to the arrest and/or prosecution or both the arrest and prosecution of Appellant[;]

5. Whether the trial court erred by failing to order/direct the agencies subject to the [Expungement Order] to "Expunge and Destroy" all official and unofficial arrest and other criminal records, files and documents involving Appellant as set forth in the "Blank Expungement Order 790" (Appendix 6) on AOPC's website[;]

6. Whether the trial court erred by failing to order the various law enforcement and law enforcement related agencies subject to the [Expungement Order] to DESTROY all fingerprints, photographs, photographic plates and DNA collected from Appellant in connection with the criminal charges, arrest and/or prosecution and/or both the arrest and prosecution of Appellant as set forth in the "Blank Expungement Order 790" on AOPC's website[;]

7. Whether the trial court erred by failing to order the agencies subject to the [Expungement Order] to file a sworn statement with PCC and serve a copy of the same on Appellant to certify that each respective agency had in fact complied with the mandates of the [Expungement Order;]

8. Whether the trial court erred by failing to provide a deadline date that the various law enforcement and law enforcement related agencies subject to [Expungement Order] were required to comply with [Expungement Order;]

9. Whether trial court erred and abused its discretion by 1) not timely responding to Appellant's Motion For Reconsideration Of the [Expungement Order] 2) failing to issue a corrected Order Of Expungement and/or 3) not scheduling an emergency hearing, prior to the deadline date to appeal the [Expungement Order] (*i.e.* before January 11th, 2018), to hear and rule on Appellant's Motion For Reconsideration O[f] The Order Of Expungement[; and]

10. Whether the trial court erred by violating Appellant's Constitutional Right to reputation set forth in Article 1 sections 11 and 14 of the Pennsylvania Constitution.

Appellant's Br. at 3-6.

"The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." *Commonwealth v. Hanna*, 964 A.2d 923, 925 (Pa. Super. Ct. 2009) (quotation marks and citation omitted).

18 Pa.C.S. § 9122 governs expungement of criminal history record information.[2] Under this statute, a defendant acquitted of a crime "is generally entitled to automatic expungement of the charges for which he was acquitted." *Hanna*, *supra* at 925 (citation omitted).

In his first issue, Appellant contends the trial court erred by failing to include in its Order specific reference to three charges against Appellant that were dismissed at the Preliminary Hearing. In support of this contention, Appellant cites Pennsylvania Rule of Criminal Procedure 790, which provides in relevant part that "every order for expungement shall include . . . the specific charges, as they appear on the charging document, to be expunged[.]" Pa.R.Crim.P. 790(C)(1)(g). According to Appellant, the court's

---

[2] Criminal history record information is defined as: "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope)." 18 Pa.C.S. § 9102.

failure to identify and expunge each of the charges filed against him renders his relief incomplete. *See* Appellant's Br. at 27.

Section 9122 provides that a court may order "[c]riminal history record information [to] be expunged." 18 Pa.C.S. § 9122(a)(2). This information includes "any dispositions arising" from the "initiation of a criminal proceeding." 18 Pa.C.S. § 9102.

Here, the trial court's Order includes language directing criminal justice agencies to "expunge from their records the [c]riminal [h]istory [r]ecord [i]nformation for [Appellant's] case[.]" Expungement Order at 5 (unpaginated). The court has acknowledged that its Order does not identify explicitly the three dismissed charges, but suggests its broad language provides appropriate relief. Trial Ct. Op. at 3-4.

We agree—the court's language should be sufficient to ensure that Appellant receives the relief to which he is entitled. Moreover, this language comports with Section 9122. Nevertheless, as the court has acknowledged certain errors that will require remand, on remand, the trial court shall include explicit reference to each of the charges to be expunged, the disposition of those charges, and the reason for expungement. Pa.R.Crim.P. 790(C)(1)(g), (h), (i).

In his second issue, Appellant contends the trial court erred in failing to identify correctly each of the charges against him. Appellant's Br. at 24-27, 27-30. In response, the court has acknowledged two clerical errors in its Order. Trial Ct. Op. at 4-6 (noting errors in its identification of Charges XXIV

and XLVI). On remand, the court shall identify correctly each of the charges to be expunged.

In his third issue, Appellant contends the trial court erred in failing to order all relevant criminal justice agencies to expunge his case from their records. *See* Appellant's Br. at 31-41. In response, the court has acknowledged it failed to include the Pike County Correctional Facility (PCCF) in its Expungement Order. On remand, the court shall include PCCF along with all other criminal justice agencies in its order directing expungement of the criminal history record information relevant to Appellant's case.[3]

In his fourth issue, Appellant contends the trial court erred when it directed two magisterial district court judges, by personal name rather than by district court number, to expunge Appellant's case. Appellant's Br. at 41-43. In response, the court suggests its identification of the presiding magisterial judge was sufficient. *See* Trial Ct. Op. at 9.

While we agree with the trial court that this language should be sufficient to identify properly two criminal justice agencies in possession of information relevant to Appellant's case and serve upon them notice of expungement, the court's language is imprecise. Accordingly, on remand, the trial court shall

_____

[3] As noted by the trial court, several agencies identified by Appellant as members of the Pike County Multi-Disciplinary Investigative Team do not constitute criminal justice agencies as defined by 18 Pa.C.S. § 9102. Similarly, the Administrative Office of Pennsylvania Courts (AOPC) does not constitute a criminal justice agency. *See* Appellant's Br. at 31-32 (suggesting AOPC should be included in an expungement order). Accordingly, on remand, the trial court need not identify these agencies in its order.

amend its identification of the relevant magisterial district courts, including specific reference to each magisterial district number.

In his fifth, sixth, and seventh issues, Appellant contends the trial court failed to describe specific actions necessary to comply with its Expungement Order. *See* Appellant's Br. at 43-47.

These claims are without merit. In accordance with Section 9122 and Rule 790, the trial court properly ordered the expungement of criminal history record information relevant to Appellant's case. *See* Expungement Order at 5 (unpaginated). No further or more specific instructions are necessary.

In his eighth issue, Appellant contends the trial court erred by failing to direct compliance with its Expungement Order by a date certain. Appellant's Br. at 48. According to Appellant, a deadline for compliance would enable him to verify that expungement has occurred in a timely manner. *Id.*

Appellant cites no authority in support of his contention. As noted by the trial court, Rule 790 does not require a court to impose a deadline for compliance with an order directing expungement. *See* Trial Ct. Op. at 12; Pa.R.Crim.P. 790(C)(1); *see also* 18 Pa.C.S. § 9122. Nevertheless, the trial court maintains inherent authority to enforce timely compliance with its directives. Thus, on remand, the trial court shall consider imposing a reasonable time period within which expungement shall occur.

In his ninth issue, Appellant contends the court erred in failing to address his Motion for Reconsideration, or the supplements thereto, in a timely fashion. Appellant's Br. at 48-49.

This claim is without merit. A motion for reconsideration appeals to the court's discretion. 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(b)(3). Thus, the trial court was under no obligation to address Appellant's Motion for Reconsideration.

In his tenth issue, Appellant contends that the trial court violated his constitutional rights. Appellant's Br. at 49-51. However, Appellant failed to preserve this issue in his Pa.R.A.P. 1925(b) Statement. Accordingly, we deem it waived. Pa.R.A.P. 1925(b)(4)(vii).

Finally, also pending before this Court, Appellant has filed two Applications for Relief. Application for Relief, 12/3/18 (seeking to further supplement the record); Application for Relief, 12/4/18 (requesting this case be sealed and that this Court issue a modified order of expungement). In light of our disposition, these Applications are denied.

In conclusion, the trial court has acknowledged certain errors and omissions in its Expungement Order. In addition, our review has identified additional corrections to be made. Accordingly, we vacate the Expungement Order and remand this matter with instructions. Upon remand, the trial court shall issue a new expungement order in accordance with this Opinion.

Application for Relief, filed 12/3/18, denied. Application for Relief, filed 12/4/18, denied. Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/19