J-A30010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.E.B. ON BEHALF OF N.P.B. AND N.A.B., MINORS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.S.J. | : | |
| | : | No. 136 MDA 2019 |
| Appellant | : | |

Appeal from the Order Entered December 20, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
5785-2018

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                            **FILED MARCH 13, 2020**

Appellant, S.S.J., appeals *pro se* from the December 20, 2018 Protection

from Intimidation ("PFI") Order entered by the trial court pursuant to the

Protection of Victims of Sexual Violence or Intimidation Act, 42 Pa.C.S. §§

62A01-62A20 ("the Act"). After careful review, we affirm.

We adopt the following statements of facts from the trial court's

Pa.R.A.P. 1925(a) Opinion:

> On May 23, 2018, Appellee filed a Petition for [PFI], alleging that
> Appellant, his neighbor, engaged in continued harassment of his
> two children. The Court issued a Temporary [PFI] Order which
> required that [Appellant] not abuse, harass, stalk, or contact
> [Appellee]'s children. The Temporary PFI also prohibited Appellant
> from contacting Appellee and his wife. After the granting of several
> continuances, a hearing on the permanent [PFI] order commenced
> on December 20, 2018.

---

[*] Retired Senior Judge assigned to the Superior Court.

During the PFI Hearing, Appellee testified that Appellant has used vulgar language and gestures toward his minor children, and has videotaped or recorded them in the past. Appellee explained that Appellant was videotaping the children and playing loud, vulgar music insulting to their mother. According to Appellee, his children were visibly shaken by the incident with the music. Appellee's wife later provided testimony regarding the incident that led to the filing of the PFI Petition. A few days before Appellee filed the PFI Petition, Appellant drove his car toward the children, who were riding bikes, and proceeded to honk on the horn and lift his middle finger at them when they did not move out of the way fast enough.

Finally, the Court conducted an *in-camera* interview of one of the children related to the allegations his parents made about Appellant. At the time of the interview, the child was ten years old and in fourth grade. The child described being mad and a little bit fearful when Appellant records him with a security camera. According to the child, Appellant previously gave the children the middle finger once a week, but now about once every two months. The child also became upset when Appellant played music about his mother because it made his mom upset. At the close of the PFI Hearing, Appellant testified that none of the described incidents ever occurred, and, instead, the real harassment has been from Appellee toward Appellant's mother. The Court ultimately found the minor child credible.

The Court entered a Final Protection from Intimidation Order against Appellant. The PFI Order prohibited Appellant from stalking, harassing, or contacting Appellee's children for a period of one year, until December 20, 2019. On December 28, 2018, Appellant filed a Petition for Reconsideration which the Court denied by Order dated January 3, 2019.

Trial Ct. Op., filed 3/14/19, at 1-3 (citations omitted).

Appellant filed a Petition for Reconsideration, which the court denied.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant raises the following issues for our review:

(1)    Did the [l]ower [c]ourt commit an error of law when it failed to find a single instance of the "most heinous crime", thus failing to adhere to the legislative intent and purpose in 42 Pa.C.S. § 62A02[?]

(2)    Did the [l]ower [c]ourt commit an error of law or an abuse of discretion when N.P.B[.] testified that he's never heard from [Appellant] . . . nor seen [Appellant] . . . , thus [there was] no "immediate and present danger"[,] . . . "continued risk of harm"[, or] "communicates repeatedly"?

(3)    Did the [l]ower [c]ourt commit an abuse of discretion in various findings of fact where pictures showed N.E.B. lifting his middle finger[,] intimidating[,] and harassing[ Appellant and his mother;] thus[, establishing] unclean hands and bad faith?

_____

[1] On June 17, 2019, Appellant filed an Application for Relief to vacate the PFI Order, arguing that Appellee violated the Order. Application for Relief, filed 6/17/18. This Application is denied. The PFI Order places constraints on Appellant, not Appellee. PFI Order, filed 12/20/18.

On October 16, 2019, Appellant filed an Application to Strike. Appellant argues that the Appellee's Brief should be quashed and oral argument should be canceled because Appellee attached evidence to his Brief that was not contained within the certified record. Application, filed 10/16/18, at 2 (unpaginated). We deny Appellant's Application. However, we have not considered any evidence not contained in the certified record. *See Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005) (providing that "this Court may not consider anything that is not part of the certified record").

Appellant's Br. at 6.

In his first issue, Appellant asserts the court erred in entering the PFI Order against Appellant because Appellee did not present any evidence of the "most heinous crime"—a crime of sexual violence as required by the Act. Appellant's Br. at 9-10. He contends that the language of the Act demonstrates that its intended purpose is to protect against "sexual violence **with** intimidation." *Id.* (emphasis added, internal quotation marks and capitalization omitted).

The interpretation and application of a statute is a question of law. *C.B. v. J.B.,* 65 A.3d 946, 951 (Pa. Super. 2013). Therefore, we employ a *de novo* standard of review and a plenary scope of review to determine whether the court committed an error of law. *Commonwealth v. J.C.*, 199 A.3d 394, 398 (Pa. Super. 2018), *appeal denied*, 210 A.3d 268 (Pa. 2019).

When interpreting a statute, this Court is constrained by the rules of the Statutory Construction Act of 1972. 1 Pa.C.S. §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly while construing the statute in a manner that gives effect to all its provisions. *J.C.*, *supra* at 398 (citing 1 Pa.C.S. § 1921(a)). The Statutory Construction Act provides: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). *See Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013) ( "When interpreting an unambiguous statute, . . .

- 4 -

the plain meaning of the statute must control."). It is well-settled that "the best indication of the General Assembly's intent may be found in a statute's plain language." **Cagey v. Commonwealth**, 179 A.3d 458, 462 (Pa. 2018).

Our General Assembly explicitly states that the Act "protect[s] . . . victims of sexual violence **or** intimidation." 42 Pa.C.S. § 62A01 (emphasis added). The Act separately defines "sexual violence" and "intimidation," and defines a "victim" as one "who is a victim of sexual violence **or** intimation." 42 Pa.C.S. § 62A03. In order to seek protection, such as a PFI Order, the Act directs a plaintiff to file a petition "alleging the need for protection from the defendant with respect to sexual violence **or** intimidation." 42 Pa.C.S. § 62A05 (emphasis added). Within ten days of the filing of a petition, a hearing will be conducted in which the plaintiff must:

(1)  assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence **or** intimidation committed by the defendant; and

(2)  prove by [a] preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

42 Pa.C.S. § 62A06 (emphasis added).

Contrary to Appellant's claim, the statutory language of the Act does not require that a petitioner prove sexual violence **with** intimidation to obtain a PFI order. The plain language of the Act states that its intended goal is to "protect . . . victims of sexual violence **or** intimidation[,]" 42 Pa.C.S. § 62A03 (emphasis added), and requires a plaintiff to assert, *inter alia*, that he or

another individual is a victim of sexual violence **or** intimidation" to obtain relief, 42 Pa.C.S. § 62A06 (emphasis added). Further, this Court has recognized that the Act "provides a civil remedy to victims of intimidation." ***A.M.D. v. T.A.B.***, 178 A.3d 889, 894 (Pa. Super. 2018). Accordingly, the court did not err by entering the PFI Order without evidence of sexual violence.

Appellant's second and third issues challenge the weight of evidence. ***See*** Appellant's Br. at 11-12.

The standard of review for reviewing a challenge to the weight of the evidence is well-settled. "Appellate review of a weight claim is a review of the trial court's exercise of discretion, not the underlying question of whether the [outcome] was against the weight of the evidence." ***Haan v. Wells***, 103 A.3d 60, 70 (Pa. Super. 2014) (citation omitted). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge[.]" ***Gold v. Rosen***, 135 A.3d 1039, 1041-42 (Pa. Super. 2016) (citation omitted).

Accordingly, appellate review of weight claims in the first instance is barred. ***Phillips v. Lock***, 86 A.3d 906, 919 (Pa. Super. 2014). "[W]here an appellant fails to raise a weight claim before the trial court, thus preventing it from addressing the claim from the vantage point of having presided over the [hearing], the claim is unreviewable on appeal." ***Id.*** (citations omitted).

In his second issue, Appellant points to inconsistencies in the testimony of Appellee's wife and minor child, and argues that based on their testimony, the PFI Petition should have been denied. Appellant's Br. at 11. In his third issue, Appellant highlights evidence of Appellee's harassing actions and argues that the PFI Petition should have been denied because Appellee had "unclean hands." *Id.* at 12. Appellant, however, did not raise these challenges to the weight of evidence in his post-hearing motion. Instead, in his post-hearing Petition for Reconsideration, Appellee raised the issues of statutory interpretation, sufficiency of evidence, and witness coaching.[2] Petition for Reconsideration, dated 12/28/18, at 1. Consequently, Appellant's failure to include the weight claims in his post-hearing motion waives the claims.

Application for Relief denied. Application to Strike denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/13/2020

---

[2] Appellant raised his third issue for the first time in his 1925(b) Statement. Additionally, Appellant failed to raise his second issue, relating to Appellee's wife and minor child's testimony, in his 1925(b) Statement. Accordingly, this claim is also waived for failure to preserve the issue in his Pa.R.A.P. 1925(b) Statement. *See Commonwealth v. Harris*, 212 A.3d 64, 69-70 (Pa. Super. 2019) (deeming issue waived where the appellant failed to raise it in his Pa.R.A.P. 1925(a) Statement).