J-S71036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEENAN MCINTOSH | : | |
| | : | |
| Appellant | : | No. 814 EDA 2019 |

Appeal from the PCRA Order Entered February 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004138-2014

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 01, 2020**

Keenan McIntosh appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied McIntosh's PCRA petition, concluding that the issues presented in the petition were meritless. We affirm.

In February 2017, McIntosh entered a negotiated guilty plea to third degree-murder, aggravated assault, and possession of an instrument of crime.[1] The trial court sentenced him to an aggregate term of 20 to 48 years' incarceration. McIntosh did not file either a post-sentence motion or a direct appeal. He did file a timely *pro se* PCRA petition in November 2017, raising claims of an unlawful guilty plea, ineffective assistance of counsel, and a violation of the United States and Pennsylvania Constitutions. He then filed a

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a), and 907(a), respectfully.

*pro se* amended PCRA petition and the PCRA court appointed counsel. Despite now having counsel, McIntosh then filed another *pro se* amended PCRA petition. The PCRA court removed counsel and appointed new counsel who filed a **Turney/Finley** letter as well as a petition to withdraw as counsel.[2]

The PCRA court issued notice of its intent to dismiss McIntosh's petition without a hearing. **See** Pa.R.Crim.P. 907. McIntosh responded to the notice and filed another amended PCRA petition. Following this last petition, the PCRA court dismissed McIntosh's petition and granted counsel's motion to withdraw. This timely appeal followed.

McIntosh raises the following issues on appeal:

> a.  Did the lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief without conducting a[n] evidentiary hearing pursuant to Pa.R.Crim.P. 907(2); Pa.R.Crim.P. 908(A)(2)?
>
> b.  Did the lower court err as a matter of law and/or abuse discretion by failing to properly apprise [McIntosh] of the following Federal Rules of Criminal Procedure Rule 11. Pleas (b)(1)(A), (b)(1)(B), and (b)(1)(E)?
>
> c.  Did the lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief when [McIntosh] proved with overwhelming fact based evidence that plea agreement was not intelligently, knowingly, and voluntarily made?
>
> d.  Did the lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief on the grounds of ineffective assistance of

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

counsel when it was clear indication that [McIntosh] and counsel's relationship had deteriorated to the point that counsel could not effectively represent [McIntosh]?

e.    Did lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief by not allowing [McIntosh] to proceed *pro se* pursuant to § 8.04 Outline- The Law of Waiver of Counsel (Rue 121) [1] Defendant's right to self representation?

f.    Did the lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief for the warrantless search of [McIntosh's] cell phone and allowing evidence from the warrantless search to be used against [McIntosh]?

g.    Did the lower court err as a matter of law and/or abuse discretion in denying [McIntosh] post conviction relief after clear violations of Fed.R.Crim.P. Rule 11. Pleas (b)(1)(A), (b)(1)(B), (b)(1)(E) and [McIntosh's] 4th, 5th, 6th, 8th, and 14th amendment rights to the PA, U.S., and Federal Constitutions and certain Pennsylvania rules and statues such as Pa.C.S. 9543(a)(2)(i), Pa.C.S. 9543(a)(2)(ii), Pa.C.S. 9543(a)(2)(iii), Pa.C.S. 9543(a)(2)(vi), Pa.C.S. 9545(b)(1)(i), Pa.C.S. 9545(b)(1)(ii), Pa.C.S. 9545(b)(1)(iii)?

McIntosh's Br. at 5-6.

McIntosh challenges both the PCRA court's denial of an evidentiary hearing and the denial of his PCRA petition. We review the PCRA court's denial of a request for an evidentiary hearing for an abuse of discretion. ***See Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). We review a PCRA court's dismissal of a PCRA petition to "examine whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*).

- 3 -

J-S71036-19

**EVIDENTIARY HEARING**

McIntosh does not explain why the court erred in denying him an evidentiary hearing; he merely states the standard for obtaining an evidentiary hearing. The PCRA court concluded that McIntosh "did not raise a single claim of arguable merit." PCRA Ct. Op., filed 5/14/19, at 12. Having failed to develop this issue in his brief, McIntosh has waived review of this issue. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015) ("the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119") (citation omitted); Pa.R.A.P. 2119(a).

**Rule 11 of the Federal Rules of Criminal Procedure**

McIntosh maintains that the trial court erred in failing to advise him of his right to remain silent under Fed.R.Crim.P. 11. This is frivolous. The Federal Rules of Criminal Procedure do not have any application to state court, and, in any event, the trial court informed him of his right to remain silent. *See* PCRA Ct. Op. at 10.

> THE COURT: . . . As the defendant in the case you have a right of silence, and if you wished to invoke your right of silence and not testify, all you'd have to do is tell me and I would tell the jury that they could not hold it against you. They could not draw any adverse inference or any inference of guilty from your decision not to testify. Is that clear to you?
>
> [McIntosh]: Yes.

***

- 4 -

> THE COURT: So when you plead guilty, you give up all of those trial rights. Is that clear to you?
>
> [McIntosh]: Yes.

N.T., Guilty Plea Volume 1, 2/17/17, at 16. McIntosh also completed a written guilty plea colloquy that he signed where he acknowledged his right to remain silent.

> I have the right to remain silent. Nobody can make me testify or talk about the case. No one can hold it against me if I remain silent. However, if I want to, I can testify (tell my story) at the trial. Also, I may call other people who will be my witnesses and testify for me. If I plead guilty, I give up this right.

Written Guilty Plea Colloquy, dated 2/17/17, at 2. The PCRA court did not err in denying this claim.

**CHALLENGE TO GUILTY PLEA**

McIntosh argues that the PCRA court erred in concluding that he entered a knowing, intelligent, and voluntary guilty plea. We disagree. As the PCRA court concluded, McIntosh entered a knowing, intelligent, and voluntary plea after completing an oral and written guilty plea colloquy. The guilty plea transcript supports that McIntosh was aware of "the nature of the charges; the factual basis for his guilty plea; that he had an absolute right to a jury trial; that he was presumed innocent until found guilty beyond a reasonable doubt; the permissible range of sentences on the offenses, and the terms of the plea agreement." PCRA Ct. Op. at 9; N.T., Guilty Plea, at 13-43. A defendant may not successfully challenge a guilty plea by contradicting statements the defendant made during a guilty plea colloquy. *See*

*Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa.Super. 2002). The PCRA court did not abuse its discretion in denying this claim.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

McIntosh maintains that the PCRA court erred by rejecting his claim that trial counsel was ineffective. He argues that there was a "clear indication that [McIntosh] and counsel's relationship had deteriorated to the point that counsel could not effectively represent [McIntosh]." McIntosh's Br. at 5. However, McIntosh waived this claim by failing to raise it in his Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Harris*, 212 A.3d 64, 69-70 (Pa.Super. 2019) (concluding appellant's claim waived because he did not raised the claim in 1925(b) statement). Even if McIntosh had preserved this claim, we would conclude that it lacked merit.

Counsel is presumed to have been effective and thus the burden lies with the petitioner to plead and prove all of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, 'that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.'" *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citation omitted). Failure to plead any prong "will defeat an ineffectiveness claim." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

Here, McIntosh's ineffectiveness claim fails because his underlying claim has no arguable merit. McIntosh alleges that trial counsel was ineffective because "[p]lea counsel manipulated and took full advantage of [McIntosh] at the peak of his mental, emotional, physical, and moral instabilities . . . when they compelled, coerced and persuaded [McIntosh] by not effectuating his interest and repeatedly lying to him in order to persuade him to admit guilt either by an insanity plea or by outright pleading guilty." McIntosh's Br. at 12. He also alleges that he "wanted to withdraw [the] insanity plea that counsel forced upon him but counsel repeatedly persuaded [McIntosh] with lies stating that the insanity plea couldn't be withdrawn" and "that Dr. Watson would use this inculpatory report when testify against [McIntosh] at trial regardless." ***Id.*** at 13.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citations omitted). Here, McIntosh completed a written and oral guilty plea colloquy. His written guilty plea colloquy, which McIntosh signed, reads: "Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty. I know what I say today is final." Written Guilty Plea Colloquy, at 1. McIntosh made a similar statement during his oral colloquy. The trial court asked whether anyone had "threaten[ed] [McIntosh] or forc[ed] [McIntosh] to make this decision [to plead guilty]?"

McIntosh responded in the negative, stating that he was pleading guilty of his own free will and was satisfied with the services of trial counsel. N.T., Guilty Plea, at 41, 42. McIntosh is bound by these statements and cannot now claim that counsel coerced him to plead guilty. **Yeomans**, 23 A.3d at 1047. His claim is of no arguable merit and therefore his ineffectiveness claim fails. **Fears**, 86 A.3d at 804.

**RIGHT TO PROCEED *PRO SE***

McIntosh claims that the "lower court" erred by denying him "post conviction relief by not allowing [McIntosh] to proceed *pro se*[.]" McIntosh's Br. at 5. He argues that the PCRA court erred in concluding that he was not denied his right to proceed *pro se* at trial. **See id.** at 22. However, by pleading guilty, McIntosh has waived any claims relating to anything but a jurisdictional issue, the legality of his sentence, or a challenge to the validity of his plea. **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013). Furthermore, he waived this issued by failing to raise it with the trial court as he did not file a post-sentence motion addressing this claim. **See** Pa.R.A.P. 302(a). The PCRA court did not err in denying this claim.

**WARRANTLESS SEARCH**

McIntosh alleges that the police conducted a warrantless search of his phone in violation of the Fourth, Eighth, and Fourteenth Amendments and the Wiretapping and Electronic Surveillance Control Act. **See** McIntosh's Br. at 21-22. As stated in the previous section, McIntosh waived this issue by pleading guilty. **Lincoln**, 72 A.3d at 609; Pa.R.A.P. 302(a).

**VIOLATIONS OF PCRA, FEDERAL LAW, U.S. AND PENNSYLVANIA CONSTITUTIONS**

In his final claim, McIntosh alleges that the court erred in denying him PCRA relief after "clear violations of Fed.R.Crim.P. Rule 11. Pleas (b)(1)(A), (b)(1)(B), (b)(1)(E) . . . 4th, 5th, 6th, 8th, and 14th amendment rights to the PA, U.S., and Federal Constitutions" and various sections of the PCRA. McIntosh's Br. at 6. McIntosh utterly failed to develop this claim in his brief. He therefore waived it. We thus affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/20