J-S05007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABRAM JOHNSON | : | |
| | : | |
| Appellant | : | No. 560 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 16, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002855-2017

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 4, 2021**

Abram Johnson appeals from the aggregate judgment of sentence of ten to twenty years of imprisonment imposed after he pled guilty to one count each of rape of a person less than thirteen years of age, sexual assault, and statutory sexual assault, and two counts of involuntary deviate sexual intercourse with a person less than thirteen years of age ("IDSI").[1] We affirm.

The trial court offered a comprehensive, detailed statement of the facts and history of this case. *See* Trial Court Opinion, 8/11/20, at 2-10. Succinctly, Appellant was charged with engaging in more than one hundred

_____

[1] Appellant purported to appeal from the order denying his post-sentence motion. "In a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Rivera*, 238 A.3d 482, 489 n.1 (Pa.Super. 2020) (cleaned up). We have amended the caption accordingly.

instances of sexual contact, including oral, anal, and vaginal sex, with his niece, who was more than ten years his junior, from the time she was four years old into her adulthood. Rather than proceed to trial on one hundred counts of sex offenses, Appellant opted to plead guilty to the five counts enumerated above. Although at his guilty plea colloquy Appellant disputed that his assaults had begun when his victim was quite so young, he nonetheless expressly admitted to committing the alleged acts before his victim was thirteen, after she was thirteen but before she was sixteen, and after she was an adult.

Before sentencing, Appellant filed a motion to withdraw his guilty plea, stating a bald assertion of innocence and a desire "to have his day in court." Trial Court Opinion, 8/11/20, at 5. The Commonwealth objected, citing a lack of just reason for the withdrawal and the interests of the victim. The trial court took the matter under advisement, and subsequently denied the motion. At a rescheduled sentencing hearing, Appellant expressed displeasure with the denial of his motion to withdraw the plea, as well as dissatisfaction with counsel, and ultimately obtained a continuance to hire new counsel.

Appellant appeared with current counsel at a sentencing hearing on April 9, 2019. After each side presented witnesses, the trial court sentenced Appellant to an aggregate term of imprisonment of ten to twenty years, which included a ten-to-twenty-year mandatory minimum for the rape conviction. Appellant filed a post-sentence motion raising, *inter alia*, a claim that the

statute providing the ten-to-twenty-year minimum was not in place at the time of the rape in question. The trial court agreed as to the issue regarding the mandatory minimum, vacated Appellant's sentence, and scheduled a new sentencing hearing.[2]

At the October 16, 2019 sentencing hearing, the Commonwealth indicated that the sentencing guidelines called for standard range sentences starting at minimums of six years for Appellant's IDSI and rape convictions, which was higher than the five-year mandatory minimum applicable to child rape. *See* N.T. Resentencing, 10/16/19, at 4. Thereafter, the Commonwealth presented the same three witnesses as at the original sentencing, and also played a portion of an audio recording in which Appellant "admitted, according to the context the victim provided through her testimony, that she was seven when he started raping her." Trial Court Opinion, 8/11/20, at 9. Appellant presented the testimony of his sister and three friends and exercised his right to allocution. Upon considering all of the arguments and evidence presented, and stating the reasons for its sentence, the trial court imposed an aggregate term of ten to twenty years of incarceration.

Appellant filed a timely post-sentence motion, and a timely appeal after the trial court denied it. Both Appellant and the trial court complied with

---

[2] The original trial judge retired after sentencing, and the case was reassigned to the current judge, visiting from Berks County.

Pa.R.A.P. 1925. Appellant presents the following questions for our consideration:

1. Whether the trial court erred by failing to grant Appellant's motion to withdraw guilty plea prior to sentencing?

2. Whether the trial court erred by failing to grant Appellant's motion to reconsider denial of motion to withdraw pleas of guilty?

3. Whether the factual and legal bases for the guilty pleas were insufficient to warrant the acceptance of the guilty plea by the court?

4. Whether the trial court erred by failing to advise Appellant, at the time of his guilty pleas, of the potential penalties he faced under the proper sentencing guidelines?

5. Whether the trial court erred by imposing consecutive five (5) year sentences of imprisonment upon Appellant for the same conduct outlined in the factual basis for the guilty pleas?

6. Whether the sentences imposed upon Appellant were harsh and excessive?

Appellant's brief at 4 (unnecessary capitalization and articles omitted).

Appellant first contends that the trial court erred in denying his presentence motion to withdraw his guilty plea. We review the trial court's ruling for an abuse of discretion. *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa.Super. 2013). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (cleaned up). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has

reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id*. (cleaned up). Indeed, "it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Id*. at 121.

The Rules of Criminal Procedure provide: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of plea of not guilty." Pa.R.Crim.P. 591(A). Such discretion should be exercised liberally in a defendant's favor, so long as a "fair-and-just reason" is offered, and withdrawal would not substantially prejudice the Commonwealth. ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). However, "a bare assertion of innocence is not, in and of itself, a sufficient reason" to grant a defendant's motion to withdraw a guilty plea." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285 (Pa. 2015). Instead,

> A defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the

- 5 -

circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Id*. at 1292 (internal citation omitted).

In denying Appellant's request to withdraw his plea, the trial court noted that Appellant did not present evidence, but "elected to rest upon the allegations of his [m]otion," which did not assert innocence, rather stating merely that he believed that the evidence was such that he would "be found not guilty of some or all of these charges." Trial Court Opinion, 1/2/19, at 9 (internal quotation marks omitted). Even construing the attack on the sufficiency of the Commonwealth's evidence as a claim of innocence, it was a bald one insufficient alone to justify withdrawal of the plea, which would "attenuate the adverse effect of protracted criminal proceedings upon the victim[.]" *Id*. at 9-10.

Appellant acknowledges that his withdrawal motion "was poorly drafted, set forth no argument in support of [his] position[,] and cited legal cases which have been outdated since the Supreme Court [decided] *Carrasquillo* in 2015." Appellant's brief at 15. Accepting that he cannot litigate a claim of ineffective assistance in this appeal, he nonetheless maintains that the trial court abused its discretion in denying the motion "without additional probing into the meaning of the wording set forth in the pleading given the inherent weaknesses of the Commonwealth's case against Appellant on any of the charges to which he pled guilty." *Id*. at 17.

Appellant has failed to sustain his "heavy burden" of showing that the trial court abused its discretion in denying his motion. ***Norton***, ***supra*** at 120. He concedes that his motion did not merit the requested relief under the applicable law, and cites no authority to suggest that the trial court had an obligation to act as Appellant's counsel to develop an argument on his behalf. The bulk of his contentions go to the effectiveness of his plea counsel, which is not before us in this appeal. ***See***, ***e.g.***, ***Commonwealth v. Holmes***, 622, 79 A.3d 562, 578 (Pa. 2013) ("[L]itigation of ineffectiveness claims is presumptively for collateral attack."). Accordingly, we conclude that Appellant's first claim fails.

Appellant next contends that the trial court erred in denying his motion for reconsideration of the denial of his motion to withdraw his guilty plea. He relies on the discussion offered in arguing his first issue, acknowledging that the defects in his original motion were not corrected in the reconsideration request, but maintaining, with no supporting legal authority, that the trial court should have *sua sponte* fleshed out the record concerning his entitlement to withdraw the plea. ***See*** Appellant's brief at 18.

As the trial court and the Commonwealth observed, Appellant's motion for reconsideration was left almost entirely to the sound discretion of the trial court and is not subject to review on appeal. ***See*** Trial Court Opinion, 8/11/20, at 13; Commonwealth's brief at 10-11. We agree.

Our legislature has provided that a trial court "upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. A trial court's power pursuant to "§ 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised *sua sponte*, or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal." **Stockton v. Stockton**, 698 A.2d 1334, 1337 (Pa.Super. 1997). Indeed, we have held that a trial court has no obligation to even address a motion for reconsideration under § 5505. **See Commonwealth v. Harris**, 212 A.3d 64, 69 (Pa.Super. 2019). As such, Appellant's second issue merits no relief from this Court.

Appellant's third and fourth issues both attack the validity of his plea. Specifically, he contends that there was an insufficient factual basis "for the entry and acceptance of the guilty pleas," as the record does not indicate that he agreed that his "sexual activity" with his niece after she reached adulthood was involuntary. Appellant's brief at 18-20. Also, Appellant avers that the plea was not voluntary because he was misadvised as to the applicable sentencing guidelines ranges for the offenses to which he was pleading. He asserts, with no citation to authority, that he had "an absolute right to know the correct guideline ranges," and the failure to ensure he was so advised invalidated the plea. *Id*. at 21-23.

The first time he raised this issue was in his post-sentence motion. Accordingly, the following applies:

> The law regarding withdraw of a guilty plea following sentence dictates that a defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Such an injustice arises if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Because post-sentence motions to withdraw a plea are disfavored in the law, the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.

*Commonwealth v. Santana*, 241 A.3d 660, 664 (Pa.Super. 2020) (*en banc*) (cleaned up).

"A plea rises to the level of manifest injustice when it is entered into involuntarily, without understanding the nature of the charges, [or] without knowledge of the factual basis of the charges . . . ." *Commonwealth v. Jackson*, 569 A.2d 964, 966 (Pa.Super. 1990). However, "the 'factual basis' requirement does not mean that the defendant must admit every element of the crime." *Commonwealth v. Chumley*, 394 A.2d 497, 503 (Pa. 1978) (cleaned up).

At the guilty plea hearing, Appellant attempted to preempt the Commonwealth from placing the factual basis on the record by stipulating that the affidavit of probable cause contained sufficient information to support the

pleas.[3] **See** N.T. Guilty Plea, 8/17/18, at 15. "The court will hold a party bound to his stipulation: concessions made in stipulations are judicial admissions, and accordingly may not later in the proceeding be contradicted by the party who made them." **Tyler v. King**, 496 A.2d 16, 21 (Pa.Super. 1985) (citing, *inter alia*, **Commonwealth v. Barksdale**, 281 A.2d 703 (Pa.Super. 1971)). Given his stipulation, the Commonwealth was relieved of its duty to state a full factual basis stated in open court. **Accord Commonwealth v. Mitchell**, 902 A.2d 430, 462 (Pa. 2006) ("By entering into the stipulation [that the defendant had no significant prior criminal history], the defense was relieved of the burden of calling witnesses to prove that [the defendant] had no criminal history prior to the current conviction.").

In any event, the trial court plainly acted within its discretion in holding that the absence of an express statement that the victim did not consent to the sexual intercourse which he admitted that he had with her after she turned eighteen did not reflect that Appellant was ignorant of the factual basis of the sexual assault count to which he pled guilty. **See** Trial Court Opinion, 8/11/20, at 14-15. The claim is meritless. **Accord Chumley**, **supra** at 502-03 (holding plea was not invalid for want of sufficient factual basis, where such was apparent from the colloquy as a whole, although neither the victim nor a *mens*

---

[3] Appellant also indicated in his written plea colloquy that he was willing to allow the judge to incorporate the factual accusations from the affidavit of probable cause into the record. **See** Guilty Plea Colloquy, 9/17/18, at 7.

*rea* was expressly admitted by the defendant when asked if he agreed with the stated factual basis).

Nor has Appellant established that the trial court abused its discretion in concluding that any misstatements regarding sentencing guideline ranges rendered Appellant's plea involuntary. Appellant notes that trial courts are required to delve into certain areas when conducting a guilty plea colloquy, including to "[t]ell the [d]efendant of the maximum penalties for which crime as well as any mandatory minimum penalties," and he admits "that the trial court covered the necessary prerequisites" in its colloquy. Appellant's brief at 19 (cleaned up). ***See also*** Pa.R.Crim.P. 590, *Comment*. However, Appellant does not cite any authority to suggest that he also must be informed about ranges suggested by non-mandatory guidelines in order to enter a valid plea. Nor does he contest the authority cited by the trial court indicating that advising a defendant of suggested minimum sentences provided by the guidelines is unnecessary. ***See*** Trial Court Opinion, 8/11/20, at 15 (citing ***Commonwealth v. Kreiser***, 582 A.2d 387 (Pa.Super. 1990), and ***Commonwealth v. Septak***, 518 A.2d 1284, 1287 (Pa.Super. 1986)). Moreover, as the trial court further observed, given that Appellant was sentenced to a mandatory minimum sentence that was actually less than the standard-range minimum sentence called for by the guidelines, there could be "no more harmless an error[.]" ***Id***. at 16.

We agree with the trial court. *See Commonwealth v. Wilson*, 829 A.2d 1194, 1199 (Pa.Super. 2003) (quoting *Kreiser*, *supra* at 1287) ("We refuse to require that a defendant must be advised of the suggested minimum sentences set forth in the sentencing guidelines."). As such, Appellant has failed to establish that the trial court abused its discretion in finding no manifest justice to support granting his post-sentence motion to withdraw his guilty plea based upon misstatements about the sentencing guideline ranges during his guilty plea.

In his fifth issue, Appellant maintains that his receipt of consecutive sentences for rape and IDSI was illegal because the convictions merged for sentencing purposes. *See* Appellant's brief at 23-25. He contends that the factual basis for the guilty plea asserted "a broad range of sexual activity" without specifying that the rape and IDSI counts related to separate assaults, and that "[n]othing in the record indicates Appellant knew by pleading guilty to the counts to which he did that he knew the result would be potentially non-merging sentences." *Id*. at 25. Consequently, he argues, "the court should have treated the IDSI and rape counts as one criminal episode for sentencing purposes." *Id*. at 25.

We begin by noting that "merger is a nonwaivable challenge to the legality of the sentence." *Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa.Super. 2007). Pursuant to 42 Pa.C.S. § 9765, "No crimes shall merge for sentencing purposes unless the crimes **arise from a single criminal act** and

all of the statutory elements of one offense are included in the statutory elements of the other offense." (emphasis added).

This Court has acknowledged that all of the elements of IDSI are included in the elements of rape of a child. *See Commonwealth v. Brown*, 159 A.3d 531, 534 (Pa.Super. 2017). The only pertinent difference between the statutes is that rape of a child also includes sexual intercourse "in its ordinary meaning." *Id*. (citing 18 Pa.C.S. § 3101 (definitions provision of the sexual offense portion of the crimes code). Hence, where only a single act of "intercourse *per os* or *per anus* with a child less than 13 years of age" supports convictions for both rape of a child and IDSI with a child, the convictions merge for sentencing purposes. *Id.*

The record reflects that Appellant agreed to plead guilty to five of the 110 counts alleged in the criminal information, namely counts 23, 48, 49, 55, and 63. *See* N.T. Guilty Plea, 8/17/18, at 3. The rape and IDSI counts (23, 48, and 49), all involved assaults of victim when she was under the age of thirteen. *See* Information, 8/4/17, at unnumbered 5, 14. Appellant was advised at his plea colloquy that he faced sentences of up to forty years for each of the IDSI and rape counts to which he was agreeing to plead guilty, and that the judge had the authority to run each of the sentences consecutive to the other. *See* N.T. Guilty Plea, 8/17/18, at 13-14. He thereafter admitted to engaging in oral sex, anal sex, and vaginal intercourse with his niece "when she was under the critical age of 13," occurring "over a course of multiple

years and multiple occasions, equaling over approximately 100 sexual contacts." *Id*. at 16.

Thus, Appellant's rape and IDSI convictions are founded upon neither a single criminal act nor complete identity of elements. Appellant pled guilty to intercourse "in its ordinary meaning" when the victim was under the age of thirteen, conduct that supports the rape conviction but not IDSI. He also pled guilty to not one, but multiple incidents of sex *per os* or *per anus* with the victim when she was under the age of thirteen, supporting multiple convictions, and hence multiple sentences, for the two IDSI convictions. Further, Appellant's suggestion that he was unaware that he faced "potentially non-merging sentences" is belied by his on-the-record acknowledgment that he would be facing separate, possibly consecutive, sentences for each of the convictions. Therefore, we reject Appellant's claim that his rape and IDSI convictions merged for sentencing purposes. **Accord Robinson**, **supra** at 24 (holding three convictions of corruption of minors based upon three separate incidents occurring over the course of three years did not merge for sentencing purposes).

Appellant's final issue challenges the discretionary aspects of his sentences, contending that they were "harsh and excessive." Appellant's brief at 25. The following well-established principles of law guide our review:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the

appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Lucky***, 229 A.3d 657, 663–64 (Pa. Super. 2020) (cleaned up).

While Appellant's notice of appeal was timely and he preserved his issue in his post-sentence motion, his brief does not contain a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Further, the Commonwealth has objected to the absence of a Rule 2119(f) statement. **See** Commonwealth's brief at 23. Consequently, Appellant has not preserved his sentencing challenges for our review. **See**, **e.g.**, ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) ("Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim[.]").

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge McLaughlin concurs in the result.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2021